United States District Court
Southern District of Texas
**ENTERED**
July 31, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Janette Herring Montenegro, as next friend for IANDRIS VINAS GUERRA, | § | |
| Petitioner, | § | CIVIL ACTION NO. 4:26-cv-02710 |
| v. | § | |
| WARDEN, Houston Contract Detention Facility, *et al.*, | § | |
| Respondents. | § | |

**ORDER OF DISMISSAL**

On April 6, 2026, the petitioner, Iandris Vinas Guerra, via a next friend, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his continued confinement by officials with the United States Department of Homeland Security, Immigration and Customs Enforcement (ICE). (Dkt. No. 1). The case was assigned to Judge Nicholas J. Ganjei. On May 14, 2026, Judge Ganjei entered an Order of Recusal (Dkt. No. 13) and the case was reassigned to the undersigned District Court Judge.

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts[1] requires the court to promptly examine the petition and its attached exhibits and dismiss the petition, in whole or in part, if the face of the petition shows that the petitioner is not entitled to relief. Having conducted the required examination, the Court determines that this case must be dismissed as moot.

[1] A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to petitions filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts.

Upon review of the docket and relevant court records, the Court takes judicial notice that this same petitioner filed an earlier case in January 2026 in which he was represented by counsel. (*See Iandris Vinas Guerra v. Warden*, Civil Action No. 4:26-cv-00707 (S.D. Tex.)). Civil Action No. 4:26-cv-00707 was also assigned to the undersigned judge. (*See id.*). On June 12, 2026, the Court granted in part Guerra's petition for a writ of habeas corpus and ordered his release from custody. (*See id.* at Dkt. No. 8). Final Judgment was entered and the case was closed. (*See id.* at 10). Because this petitioner has been released from custody, the instant case is now moot.

Accordingly, the Court **ORDERS** that this habeas petition is **DISMISSED without prejudice**. Any pending motions are **DENIED** as moot.

The Clerk shall provide a copy of this Order to the parties.

It is so ORDERED.

SIGNED on July 30, 2026, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge